OPINION
{¶ 1} Appellant, M.T., appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which adjudicated him a delinquent minor as a result of having committed the offenses of receiving stolen property, in violation of R.C. 2913.51(A) and (C), and possession of counterfeit controlled substances, in violation of R.C. 2925.37(A) and (G).
 {¶ 2} Vanessa Slack met appellant in Columbus in January 2005. After staying with appellant for a few weeks in the Columbus area, appellant began staying with Slack in Portsmouth, Ohio. On February 28, 2005, Slack and appellant were in Slack's car, a 1991 Buick LaSabre. Slack was driving, and she stopped at her house to use the bathroom. Slack left the keys in the ignition, and when she looked outside she saw the car pull away. Approximately six to seven hours later, Slack reported the car stolen.
 {¶ 3} On March 1, 2005 at 3:27 a.m., Officers Aaron Cooper and Christopher Kelly of the Portsmouth Police Department stopped the Buick LaSabre. Lori Groom was driving, appellant was in the front passenger's seat, and three other people were in the backseat. After frisking appellant, Officer Kelly found what appeared to be a rock of crack cocaine.[1] When asked about the substance, appellant told Officer Kelly that he purchased it earlier and that his intentions were to resell it to recoup his money.
 {¶ 4} According to Lori Grooms, she and Kim Plummer were leaving the Silver Moon when appellant picked them up. While at a Speedway station, just before they were pulled over by the police, Lori got behind the wheel and began driving. Plummer was with appellant earlier that evening when the fake crack rock was purchased. While appellant had permission on previous occasions to drive Slack's car, Slack testified that on February 28, 2005, appellant did not have permission to leave without her. According to Slack, she and appellant had argued about the car, and appellant knew that he was not authorized to take the automobile when he did.
 {¶ 5} On March 1, 2005, a complaint was filed against appellant alleging he was a delinquent minor, having committed the offenses of receiving stolen property and possession of counterfeit controlled substances. A hearing was held in the Scioto County Juvenile Court. Appellant was adjudicated delinquent and the matter was transferred to Franklin County, appellant's county of residence, for disposition of this and other matters. On April 29, 2005, a dispositional hearing was held before a magistrate. The magistrate reaffirmed that appellant be adjudicated a delinquent for having committed the charged offenses, and found that a commitment to the Ohio Department of Youth Services was appropriate. No objections were filed, and on May 13, 2005, the magistrate's decision was adopted, without change, by the trial court. This appeal followed.
 {¶ 6} On appeal, appellant asserts a single assignment of error for our review:
Appellant's receiving stolen property conviction was not supported by legally sufficient evidence and was against the manifest weight of the evidence.
 {¶ 7} To the extent appellant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence, if believed, would convince the average trier of fact to find the essential elements of the offense beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997),78 Ohio St.3d 380, 386. As such, the reviewing court is not permitted to weigh the evidence, and does not substitute its judgment for that of the fact finder. Rather, the sufficiency of evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781. Accordingly, the weight given to the evidence and the credibility of witnesses are primarily for the trier of fact.State v. Thomas (1982), 70 Ohio St.2d 79, 80.
 {¶ 8} A manifest weight argument is evaluated under a different standard. A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented.Thompkins, supra. The court of appeals sits as a "thirteenth juror" and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 9} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C0-00553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 10} Appellant challenges only the receiving stolen property conviction, and argues that the evidence was legally insufficient to sustain said conviction. Appellant asserts that his conduct does not establish that he acted with the intent to deprive Slack of her property. Because he had driven the car before, with permission and sometimes alone, appellant argues that a reasonable trier of fact could not conclude that appellant knew or had reasonable cause to know his actions amounted to theft. R.C. 2913.51(A) provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." A theft offense is defined as a violation of any R.C. section listed in R.C.2913.01(K)(1), which includes R.C. 2913.02. Here, theft is defined in R.C. 2913.02 as purposely depriving an owner of property by knowingly obtaining or exerting control over the property without the owner's consent or beyond the scope of express or limited consent.
 {¶ 11} Appellant argues that from his perspective, if Slack did not file charges when he kept the car overnight[2]
Slack could rely on him to return the car, and there was no way appellant could have had reasonable cause to know his actions amounted to theft. However, other than a portion of Groom's testimony, there is no evidence in the record regarding appellant's state of mind on the date in question because he did not testify at the hearing. To the contrary, Slack testified that appellant wanted to take her car, but she refused to permit him to do so. According to Slack, she and appellant argued about it and she specifically told him he could not take the car. When asked on cross-examination at the hearing about appellant having permission to drive her car on the day prior to February 28, 2005, appellant responded:
Yes. But I was with him. I mean he knew not to leave. We had argued about it before because he wanted to leave. He knew not to leave in my car. I did not give him permission to drive my car. I even gave him time to get back. I waited for him to come home but he never came back.
(Apr. 1, 2005 Tr. at 34.)
 {¶ 12} Given the evidence in this case, when viewed in a light most favorable to the prosecution, we find that a reasonable trier of fact could find, beyond a reasonable doubt, that appellant committed the offense of receiving stolen property as he was charged.
 {¶ 13} Similarly, we cannot say that the judgment is against the manifest weight of the evidence. The basis for appellant's manifest weight argument is a reiteration of those arguments relating to sufficiency of the evidence with emphasis on the relationship between appellant and Slack, and the credibility of the witnesses.
 {¶ 14} This court has consistently held that the weight to be given to inconsistencies in any witnesses' testimony is a determination within the province of the trier of fact, and such inconsistencies generally do not render a conviction against the manifest weight of the evidence. Moreover, "where a factual issue depends solely upon a determination of which witnesses to believe, that is the credibility of witnesses, a reviewing court will not, except upon extremely extraordinary circumstances, reverse a factual finding either as being against the manifest weight of the evidence or contrary to law." In the Matter ofShawn Johnson, Franklin App. No. 04AP-1136, 2005-Ohio-4389, at ¶26 (citations omitted).
 {¶ 15} In the present case, four people testified at the hearing, Officer Kelly, Officer Cooper, Slack, and Groom. Groom testified that appellant indicated that he borrowed Slack's car and had to get it back to her. However, on cross-examination, Groom admitted that she had no knowledge, or idea, whether appellant took, stole, or borrowed the car. As indicated previously, while Slack testified that she had previously given appellant permission to use her car on a prior occasion, she had not given him permission to do so on February 28, 2005, and appellant knew, per their argument, that he did not have permission to take her car. The trier of fact was free to believe, or disbelieve, any part of the witnesses' testimony, and a conviction is not against the manifest weight of the evidence merely because the trier of fact believed the prosecution's testimony. See State v. Smith, Franklin App. No. 04AP-726, 2005-Ohio-1765.
 {¶ 16} After reviewing the record, we find there was sufficient, competent, credible evidence to support appellant's conviction beyond a reasonable doubt. We decline to substitute our judgment for the trier of fact regarding the credibility of the witnesses or the weight to be given to their testimony. Consequently, we do not find that appellant's conviction was against the manifest weight of the evidence.
 {¶ 17} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is hereby affirmed.
Judgment affirmed.
Klatt, P.J. and Brown, J., concur.
[1] When tested at the scene, the field test done on the substance was negative.
[2] Slack testified that she did report the car as stolen on this occasion, but afterwards declined to press charges.