DECISION
{¶ 1} Third-party defendant-appellant, EMC, Inc. ("EMC"), appeals from an entry of the Franklin County Court of Common Pleas denying EMC's motion for summary judgment. For the following reasons, we dismiss EMC's appeal for lack of a final appealable order.
 {¶ 2} In June 1995, Camille Elkins, who is paraplegic, purchased a 1995 Ford Club Wagon. This vehicle was later specially outfitted by Access-Able, Inc. ("Access-Able") with equipment that was manufactured by EMC that permitted Elkins to accelerate, decelerate, and stop the vehicle without using her legs.
 {¶ 3} In October 1997, while driving this specially outfitted Ford Club Wagon, Elkins collided with a parked commercial vehicle, thereby damaging both vehicles. According to Elkins, components that regulated the acceleration and deceleration of the vehicle malfunctioned and caused the accident. Pursuant to a policy of insurance that was issued to Elkins by State Farm Mutual Automobile Insurance Company ("State Farm"), State Farm paid claims totaling $53,025.73.
 {¶ 4} On October 12, 1999, Elkins and State Farm sued Access-Able and EMC, asserting nine causes of action, including claims based upon subrogation, indemnification, tort liability, and breach of express and implied warranties claims. Approximately one year later, on October 16, 2000, EMC filed a separate amended answer and cross-claim against Access-Able. In its cross-claim, EMC asserted that, because Access-Able was primarily liable, in the event of an adverse outcome, EMC was entitled to contribution and indemnification from Access-Able.
 {¶ 5} On December 26, 2000, Access-Able answered plaintiffs' complaint and EMC's cross-claim and filed a cross-claim against EMC.[1] In its cross-claim against EMC, Access-Able asserted that, in the event of any liability, its liability would be secondary to EMC's liability. Access-Able further asserted that in the event of any joint and concurrent negligence with EMC, an adverse judgment should be proportioned in accordance with law.
 {¶ 6} Subsequently, because EMC's liability insurer, Reliance Insurance Company ("Reliance"), had been placed into rehabilitation by a Pennsylvania court's order, on July 2, 2001, EMC moved for a stay of the proceedings. Finding EMC's motion to be well-taken, on August 3, 2001, the trial court indefinitely stayed all proceedings until further order of the Pennsylvania court regarding Reliance. Several months later, upon EMC's motion, on November 16, 2001, the trial court again stayed proceedings due to Reliance's liquidation pursuant to a Pennsylvania court's order.
 {¶ 7} In July 2002, the case was referred to a magistrate for mediation. At a mediation conference, counsel for EMC informed the court, through the magistrate, that the Louisiana Insurance Guaranty Association was obligated to pay insurance claims on behalf of EMC due to the liquidation of Reliance. Accordingly, rather than engage in settlement discussions, the parties agreed to amend pleadings as necessary and to request rulings concerning several legal issues.
 {¶ 8} Thereafter, on November 21, 2002, in an agreed entry and order, plaintiffs dismissed without prejudice their claims against EMC pursuant to Civ.R. 41(A)(1)(b).[2]
Approximately one month later, on December 16, 2002, State Farm filed an amended complaint against Access-Able, wherein State Farm asserted 16 causes of action.
 {¶ 9} By agreement of the parties and with the consent of the trial court, Access-Able subsequently filed a third-party complaint against EMC. In its third-party complaint, premised upon a finding of liability against Access-Able, Access-Able asserted three causes of action based upon claims of indemnification, contribution, tort liability, and breach of express and implied warranties. Later, pursuant to Civ.R. 12(B)(6), EMC moved the trial court to dismiss Access-Able's third-party complaint. The trial court denied this motion.
 {¶ 10} On May 1, 2003, Access-Able moved for summary judgment as to all claims asserted against it by State Farm. Later, on September 5, 2003, EMC moved for summary judgment, wherein it argued that Access-Able's third-party claim was based upon the subrogated interest of State Farm, which, according to EMC, was statutorily excluded under Louisiana law and, alternatively, under Ohio law.
 {¶ 11} On November 7, 2003, the trial court denied EMC's motion for summary judgment. Following the trial court's denial of EMC's motion for summary judgment, the parties jointly moved the trial court to certify its decision of November 7, 2003, to allow an appeal to this court. In a journal entry filed January 7, 2004, the trial court found sufficient grounds to certify the matter and it amended its decision of November 7, 2003, to include Civ.R. 54(B) language. In its journal entry of January 7, 2004, the trial court also stayed the case. Thereafter, EMC timely appealed from the trial court's entry of January 7, 2004.
 {¶ 12} On appeal, EMC asserts the following assignments of error:
1. The trial court erred in finding that the third-party claim for indemnification and contribution filed by defendant/third-party plaintiff/appellee access-able [sic] against third-party defendant/appellant EMC, Inc. And [sic] the Louisiana insurance guarantee association is not derivative of plaintiff state farm's [sic] claim for subrogation and thus controlled by the same defenses.
2. The trial court erred in finding that the third-party claim filed by defendant/third-party plaintiff/appellee access able, inc. [sic] against third-party defendant/appellant EMC, Inc. And [sic] the Louisiana insurance guarantee association was a covered claim pursuant to the Louisiana revised statutes and the Ohio revised code.
 {¶ 13} Because we lack subject-matter jurisdiction, we are unable to consider the assignments of error.
 {¶ 14} An appellate court sua sponte may raise whether it has subject-matter jurisdiction. State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544. Furthermore, parties to a case may not waive or bestow subject-matter jurisdiction upon a court. Id.
 {¶ 15} Pursuant to Section 3(B)(2), Article IV, Ohio Constitution, appellate courts have jurisdiction to review final orders or judgments of inferior courts within their appellate districts. See, also, R.C. 2505.03(A). If an inferior court's order is not final, then an appellate court has no jurisdiction,General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17, 20, and, as a consequence, the matter must be dismissed. Renner's Welding and Fabrication, Inc. v. ChryslerMotor Corp. (1996), 117 Ohio App.3d 61, 64.
 {¶ 16} To determine whether an order is final, an appellate court employs a two-step analysis. Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98; Renner's Welding, at 64-65. First, an appellate court must determine whether the order complies with R.C. 2505.02 and is, in fact, final. General Acc.Ins., at 21; Mogavero; Renner's Welding, at 64-65. Second, if an order complies with R.C. 2505.02 and is final, an appellate court must determine whether Civ.R. 54(B) language is required.General Acc. Ins., at 21; Mogavero; Renner's Welding, at 65. See, also, Civ.R. 54(B) (providing that "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay"). Only if the requirements of both R.C.2505.02 and Civ.R. 54(B), if applicable, are met may an order be considered a final appealable order. Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, syllabus; Mogavero;Renner's Welding, at 65.
 {¶ 17} Here, EMC contends the matter is properly before this court because the trial court's order denying its summary judgment motion was rendered during a special proceeding and the trial court's order affects a substantial right. Therefore, EMC reasons the matter is properly before this court. We disagree.
 {¶ 18} Pursuant to R.C. 2505.02(B),[3] "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * (2) [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
 {¶ 19} According to R.C. 2505.02(A)(2), "[a] `special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or suit in equity." See, also, Stevens v. Ackman
(2001), 91 Ohio St.3d 182, 187 (instructing that "the underlyingaction must be the focus of inquiry" when focusing on the special proceeding portion of the inquiry) (emphasis sic.);Mogavero; In re Cuyahoga Cty. Asbestos Cases (1998),127 Ohio App.3d 358.
 {¶ 20} Here, the underlying action of Access-Able's third-party complaint against EMC resolves to a claim for contribution and indemnification.
 {¶ 21} "Contribution, when it exists, is the right of a person who has been compelled to pay what another should have paid in part to require partial (usually proportionate) reimbursement and arises from principles of equity and natural justice." Travelers Indemn. Co. v. Trowbridge (1975),41 Ohio St.2d 11, paragraph two of the syllabus, overruled on other grounds in Motorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995),73 Ohio St.3d 391. See, also, Farm Bureau Mut. Auto. Ins. Co. v.Buckeye Union Cas. Co. (1946), 147 Ohio St. 79, paragraph five of the syllabus (holding that "[t]he doctrine of contribution rests upon principles of equity"); Robinson v. Boyd (1899),60 Ohio St. 57, 65-66 (in an action arising from a suit for contribution by a surety, observing that "[contribution] is not founded on contract, but arises from the equitable consideration that persons subject to a common duty or debt should contribute equally to the discharge of the duty or debt; and so, where one performs the whole duty or pays the debt, or more than his aliquot part, each of the others should contribute to him, so as to equalize the discharge of what was a common burden").
 {¶ 22} In contrast to contribution, "[i]ndemnity * * * arises from contract, express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." Trowbridge, supra, at paragraph two of the syllabus. However, "[i]ndemnity is essentially grounded in the equitable principle of restitution."Anderson v. Olmsted Utility Equip. Co. Inc. (1991),60 Ohio St.3d 124, 131. See, also, Maryland Cas. Co. v. Frederick Co.
(1944), 142 Ohio St. 605; Hendrickson v. Minnesota Power LightCo. (1960), 258 Minn. 368, 371, 104 N.W.2d 843, overruled in part by Tolbert v. Gerber Indus., Inc. (Minn. 1977),255 N.W.2d 362 (observing that "[c]ontribution and indemnity are variant remedies used when required by judicial ideas of fairness to secure restitution. Although similar in nature and origin and having a common basis in equitable principles, they differ in the kind and measure of relief provided").
 {¶ 23} Because contribution and indemnity essentially underlie Access-Able's third-party complaint and because contribution and indemnity have a common basis in equitable principles and were not specially created by statute, see, e.g.,Robinson; Farm Bureau Mut. Auto. Ins. Co.; Anderson, we conclude that the action below was not a special proceeding pursuant to R.C. 2505.02(A)(2). See Polikoff v. Adam (1993),67 Ohio St.3d 100, syllabus (holding that "[o]rders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02"). See, also, R.C.2505.02(A)(2). Having found that the trial court's order was not rendered during a special proceeding, EMC's contention that this matter is properly before this court pursuant to R.C.2505.02(B)(2) is therefore unavailing.
 {¶ 24} Pursuant to R.C. 2505.02(B), an order is a final order when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 25} Under R.C. 2505.02(B)(1), an order is a final order if it (1) affects a substantial right; (2) in effect determines the action; and (3) it prevents a judgment. See, generally, R.C.2505.02(B)(1). To prevail in a contention that the trial court's decision constitutes an "order that affects a substantial right," EMC "must demonstrate that in the absence of immediate review of the order [it] will be denied effective relief in the future."Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, modified on other grounds by Moskovitz v. Mt. Sinai Med. Ctr.
(1994), 69 Ohio St.3d 638, paragraph four of the syllabus, certiorari denied sub nom. Figgie v. Moskovitz (1994),513 U.S. 1059, 115 S.Ct. 668. See, also, State ex rel. Hughes v. Celeste
(1993), 67 Ohio St.3d 429, 430, citing Noble v. Colwell (1989),44 Ohio St.3d 92, 94 (observing that "[a] `substantial right' is a legal right enforced and protected by law"). In the instant case, in the absence of immediate review, we find EMC could be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, and claims in this action, including EMC's contention that Access-Able's third-party complaint is barred under Louisiana law or, alternatively, under Ohio law. Therefore, we conclude EMC has not demonstrated that in the absence of immediate review it will be denied effective relief in the future. Moreover, we also find the trial court's decision does not prevent a judgment. Furthermore, we find the statutory provisions contained in R.C. 2505.02(B)(3) through (5) are inapplicable to the instant case.
 {¶ 26} Therefore, based upon the foregoing, we conclude the trial court's entry is not a final appealable order pursuant to R.C. 2505.02. Because the trial court's order is not a final appealable order, we do not have jurisdiction to consider this action on appeal.
 {¶ 27} Accordingly, we sua sponte dismiss this action for lack of jurisdiction.
Appeal dismissed.
Klatt and Watson, JJ., concur.
[1] Based upon the record, it appears that Access-Able's untimely answers may have been, in part, due to delayed notice and service of process.
[2] The court's order of November 21, 2002, also provided that "[s]aid stipulation of dismissal does not affect or prejudice Plaintiffs' claims against Defendant, Access-Able, Inc., which are to remain pending. Furthermore, said Stipulation of Dismissal does not affect or prejudice the Crossclaim of Defendant, Access-Able, Inc. against Defendant, EMC Inc., which will also remain pending."
[3] In 2004, R.C. 2505.02 was amended by Am.Sub.H.B. No. 292 and Sub.S.B. No. 187. Am.Sub.H.B. No. 292, which was approved by the Governor in June 2004, has an effective date of September 2, 2004. Sub.S.B. No. 187 was sent to the Governor on June 14, 2004.