OPINION
{¶ 1} Appellant, C.C., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adjudging him a delinquent minor.[1] Because the juvenile court's adjudging appellant a delinquent minor *Page 2 
as to one offense (offense 1) is not plain error, we affirm in part the juvenile court's judgment. However, because the juvenile court's judgment as to the remaining offenses (offenses 2 and 3) fails to constitute a final order, we dismiss the appeal as to these two offenses.
 {¶ 2} By a delinquency complaint filed on September 4, 2007, Anthony Cupp, the complainant, asserted that C.C. committed two theft offenses and one offense of attempted theft. In offense 1 of the complaint, Mr. Cupp alleged that on or about August 31, 2007, C.C. committed theft by knowingly exerting control of Mr. Cupp's 1998 Chevy work van without Mr. Cupp's consent, in violation of R.C. 2913.02, a felony of the fourth degree. In offense 2, Mr. Cupp alleged that on or about August 31, 2007, C.C. committed theft by knowingly exerting control of $6,000 from Mr. Cupp without consent, in violation of R.C. 2913.02, a felony of the fourth degree. And, in offense 3, Mr. Cupp alleged that, on or about August 31, 2007, C.C. committed the offense of attempted theft by punching and peeling the steering column of Mr. Cupp's Cadillac and damaging the car's dashboard, in violation of R.C. 2913.02, a felony of the fifth degree.[2]
 {¶ 3} After the delinquency complaint was filed, a warrant for the arrest of C.C. was issued. Following C.C.'s arrest, a magistrate ordered him to be held in detention because the magistrate found that he was at risk to abscond and, because the magistrate also found that his parents were unwilling, or unable, to provide supervision of him. *Page 3 
 {¶ 4} After a bench trial, a magistrate adjudged appellant a delinquent minor by proof beyond a reasonable doubt as to all charges in the delinquency complaint. With regard to offense 1, the magistrate committed appellant to the legal custody of the Ohio Department of Youth Services for an indefinite term of institutionalization in a secure facility for a minimum period of six months and a maximum period not to exceed C.C.'s attainment of 21 years of age. The magistrate further ordered C.C. to pay $300 in restitution by completing 60 hours of community service within six months after his release on parole. As to offenses 2 and 3, the magistrate held these matters "open until parole is complete."
 {¶ 5} Finding no error of law or other defect on the face of the magistrate's decision, the juvenile court approved the magistrate's decision and adopted it as its own on the same day that the magistrate issued her decision. Appellant did not file objections to the magistrate's decision.
 {¶ 6} From the juvenile court's judgment, C.C. now appeals. Appellant assigns a single error for our consideration:
 There was insufficient evidence to support Appellant's delinquency adjudications and the verdicts were against the manifest weight of the evidence.
 {¶ 7} At the outset, we sua sponte consider whether subject-matter jurisdiction of this appeal properly lies. See Mogavero v. Lombardo
(Sept. 25, 2001), Franklin App. No. 01AP-98, citing State ex rel. Whitev. Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544 (observing that whether subject-matter jurisdiction properly lies may be raised sua sponte by an appellate court). *Page 4 
 {¶ 8} "Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts."Mogavero, supra, citing Section 3(B)(2), Article IV, Ohio Constitution; see, also, Gehm v. Timberline Post Frame, 112 Ohio St.3d 514,2007-Ohio-607, at ¶ 13. Absent a final order, an appellate court has no jurisdiction to review a matter, General Acc. Ins. Co. v. Ins. Co. of N.Am. (1989), 44 Ohio St.3d 17, 20, and such a matter must be dismissed.Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 64; Mogavero, supra; McClary v. M/I SchottensteinHomes, Inc., Franklin App. No. 03AP-777, 2004-Ohio-7047, at ¶ 15;Elkins v. Access-Able, Inc., Franklin App. No. 04AP-101, 2004-Ohio-4101, at ¶ 15.
 {¶ 9} "Generally, the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature." In reMurray (1990), 52 Ohio St.3d 155, 157, citing Harvey v. Cincinnati CivilServ. Comm. (1985), 27 Ohio App.3d 304, 305; Systems Construction, Inc.v. Worthington Forest, Ltd. (1975), 46 Ohio App.2d 95, 96. "It is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order." In re Sekulich (1981), 65 Ohio St.2d 13, 14, citing In reWhittington (1969), 17 Ohio App.2d 164; In re Bolden (1973),37 Ohio App.2d 7; see, also, In the Matter of Short (Oct. 30, 1981), Lawrence App. No. 1568.
 {¶ 10} Here, although the magistrate adjudged appellant as a delinquent minor as to all three offenses that were charged against him, the magistrate held "open until parole is complete" the case as to offenses 2 and 3. By "hold[ing] these matters open until parole is complete" as to offenses 2 and 3, the magistrate contemplated further action, thereby leaving issues unresolved. See State ex rel. Keith v.McMonagle, *Page 5 103 Ohio St.3d 430, 2004-Ohio-5580, at ¶ 4, quoting Bell v. Horton (2001),142 Ohio App.3d 694, 696, 75; Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 89 (stating that "`[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order'"). By leaving issues unresolved, the magistrate in essence rendered a decision that was interlocutory in character. SeeWohala v. Goss (May 23, 1985), Cuyahoga App. No. 49164, fn. 1, quoting Black's Law Dictionary (5 Ed.Rev. 1979) (stating that "[t]he term `interlocutory' is defined * * * as follows: `Provisional; interim; temporary; not final. Something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy'").
 {¶ 11} Moreover, by holding "open" the case as to offenses 2 and 3, the magistrate in essence rendered no disposition concerning these offenses as she failed to inform appellant of any consequences, obligations, or duties resulting from the delinquency findings as to offenses 2 and 3. See In re Zakov (1995), 107 Ohio App.3d 716, 718
(finding that notation of "restitution to be determined" renders an entry interlocutory because the appellant was not aware of his duties and obligations).
 {¶ 12} Because, as to offenses 2 and 3, the magistrate contemplated further action and in essence rendered no disposition concerning these offenses, thereby in effect failing to determine the action as to these offenses; and because the juvenile court adopted the magistrate's decision without any modification, we find that no final order as to these offenses is presently before this court. See, generally, R.C. 2505.02(B) (providing, in part, that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) [a]n order *Page 6 
that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]");[3] see, also, Keith, at ¶ 4.
 {¶ 13} Furthermore, because, as to offenses 2 and 3, no final order is presently before this court, this court therefore lacks jurisdiction to review defendant's claims of error as to these two offenses. SeeGeneral Acc. Ins. Co., at 20. We therefore must dismiss in part the appeal as to these two offenses. See Renner's Welding and Fabrication,Inc., at 64; see, also, Elkins, at ¶ 15; Mogavero, supra;McClary, at ¶ 15.
 {¶ 14} However, as to offense 1, we find that the juvenile court's judgment is a final appealable order. Here, as to offense 1, besides adjudging appellant a delinquent minor, the juvenile court committed appellant to the custody of Ohio Department of Youth Services for an indefinite term of institutionalization and further ordered C.C. to pay $300 in restitution after his release on parole. Thus, as to offense 1, the juvenile court rendered an adjudication that was accompanied by a disposition. Because "whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature," In re Murray, at 157, we find that, as to offense 1, the result of the juvenile court's delinquency finding and disposition is an order that affects a substantial right in an action that in effect determines the action as to offense 1. See, generally, R.C. 2505.02(A)(1) and 2505.02(B); see, also, In re Adams, 115 Ohio St.3d 86, 2007-Ohio-4840, at ¶ 44, citingWenzel v. Enright (1993), 68 Ohio St.3d 63, 67 (Sweeney, J., dissenting), quoting Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, modified in part on other grounds by, Moskovitz v. Mt. SinaiMed. Ctr. (1994), 69 Ohio St.3d 638, paragraph four of the syllabus (stating that "`"[a]n order which *Page 7 
affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future."'"); Legg v. Fuchs (2000), 140 Ohio App.3d 223, 226, citingBell, at 63 (stating that "[a]n order affects a substantial right if in the absence of immediate review of the order effective relief will be foreclosed").
 {¶ 15} For purposes of this appeal, we therefore find that, as to offense 1, the juvenile court's finding of delinquency and its disposition constitutes a final appealable order that is properly before us for review.[4] Accordingly, because the juvenile court's judgment as to offense 1 is a final appeal appealable order and because the juvenile court's order as to offenses 2 and 3 is not a final order, we shall review appellant's claim of error only as it relates to offense 1.
 {¶ 16} In his sole assignment of error, appellant contends that his adjudication as a delinquent minor is supported by legally insufficient evidence and is against the manifest weight of the evidence. Within his manifest-weight-of-the-evidence claim, appellant also asserts that the magistrate failed to comply with Juv. R. 40(D)(3)(a)(iii) and that the juvenile division of the clerk of courts failed to properly serve the parties and note this service in the appearance docket, thereby constituting prejudicial error. *Page 8 
 {¶ 17} Despite appellant's failure to separately assign as error, as required by App. R. 16(A), claims that (1) the magistrate failed to comply with Juv. R. 40(D)(3)(a)(iii), and (2) that the juvenile division of the clerk of courts failed to properly serve the parties and note this service in the appearance docket, in the interest of justice we shall begin by considering these alleged errors. See, generally, App. R. 12(A)(2) and 16(A)(7); N. Coast Cookies, Inc. v. Sweet Temptations,Inc. (1984), 16 Ohio App.3d 342, 343 (stating that assignments of error should designate specific rulings that an appellant challenges on appeal and assignments of error "may dispute the final judgment itself or other procedural events in the trial court"). See, also, Toledo's GreatEastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III,Inc. (1986), 24 Ohio St.3d 198, 202, citing former App. R. 12(A); C.Miller Chevrolet v. City of Willoughby Hills (1974), 38 Ohio St.2d 298,301 (observing that "[i]t is certainly true * * * that in reviewing the judgment of a lower court, a court of appeals need only pass upon errors assigned and briefed; errors not specifically raised may be disregarded").
 {¶ 18} Juv. R. 40(D)(3)(a)(iii) provides:
 A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv. R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv. R. 40(D)(3)(b).
Cf. Civ. R. 53(D)(2)(a)(ii) and (D)(3)(a)(iii).[5] *Page 9 
 {¶ 19} Here, the magistrate's decision contained the following notice:
 NOTICE TO THE PARTIES A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civil rule 53(D)(3)(a)(ii) or Juvenile Rule 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civil Rule 53(D)(3)(b) or Juvenile Rule 40(D)(3)(b).
 {¶ 20} A review of the magistrate's notice shows that the magistrate complied with notice requirements of Juv. R. 40(D)(3)(a)(iii). Accordingly, appellant's contention that the magistrate failed to comply with notice requirements of Juv. R. 40(D)(3)(a)(iii) is not well-taken.
 {¶ 21} Furthermore, although appellant's sole assignment of error challenges appellant's adjudication as a delinquent minor as to offense 1 on the grounds that the juvenile court's judgment is supported by legally insufficient evidence and the judgment is against the manifest weight of the evidence, we find that, for the reasons discussed within, a plain-error standard of review applies to our review of appellant's claims of error as to offense 1.
 {¶ 22} Juv. R. 40(D)(3)(a)(iv) provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law *Page 10 
under Juv. R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv. R. 40(D)(3)(b)."
 {¶ 23} Here, appellant failed to object to the magistrate's decision. Moreover, notwithstanding appellant's claim that the juvenile division of the clerk of courts failed to properly serve the parties and note this service in the appearance docket, appellant does not claim that he failed to receive a copy of the magistrate's decision, or that he failed to timely receive a copy of the magistrate's decision. Furthermore, as appellant has appealed from the juvenile court's judgment adopting the magistrate's decision, to which the magistrate's decision was appended, it seems apparent that, at some point, appellant did receive a copy of the magistrate's decision. And, after receiving a copy of the magistrate's decision, it is equally apparent that appellant failed to file objections to the magistrate's decision and, assuming appellant did not timely receive a copy of the magistrate's decision, appellant failed to seek leave to file objections to the magistrate's decision. Accordingly, because appellant failed to object to the magistrate's decision, we find that a plain-error standard of review should apply in the present matter under appeal.
 {¶ 24} Juvenile court proceedings are civil, rather than criminal, in nature. In re Anderson (2001), 92 Ohio St.3d 63, 65; see, also, Cope v.Campbell (1964), 175 Ohio St. 475, paragraph one of the syllabus, overruled on other grounds in In re Agler (1969), 19 Ohio St.2d 70. See, also, State v. Hanning (2000), 89 Ohio St.3d 86, 88-89, limited, distinguished, and explained by Agee v. Russell (2001),92 Ohio St.3d 540 (explaining that the juvenile justice system is based on legal doctrine of parens patriae and, since its origin, the juvenile justice system "has emphasized individual assessment, the best *Page 11 
interest of the child, treatment, and rehabilitation, with a goal of reintegrating juveniles back into society").
 {¶ 25} In Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, the Supreme Court of Ohio explained:
 Although in criminal cases "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court," Crim. R. 52(B), no analogous provision exists in the Rules of Civil Procedure. The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.
Id. at 121, citing Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209; LeFort v. Century 21-Maitland Realty Co. (1987),32 Ohio St.3d 121, 124; Cleveland Elec. Illum. Co. v. Astorhurst Land Co. (1985),18 Ohio St.3d 268, 275.
 {¶ 26} Consequently, the Goldfuss court held: "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id. at syllabus, approving and following,Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285; Schade, supra, at 209; and Cleveland Elec. Illum. Co., supra.
 {¶ 27} "The plain error doctrine provides for the correction of errors clearly
apparent on their face and prejudicial to the complaining party even though the *Page 12 
complaining party failed to object to the error at trial."LeFort, at 124, citing Reichert v. Ingersoll (1985), 18 Ohio St.3d 220,223; Schade, at 209. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62, rehearing denied, 51 Ohio St.3d 704, certiorari denied, 498 U.S. 882,111 S.Ct. 231; see, also, State v. Long (1978), 53 Ohio St.2d 91, at paragraphs two and three of the syllabus; State v. Barnes (2002), 94 Ohio St.3d 21,27.
 {¶ 28} Here, after reviewing the entire record, we cannot conclude that but for the alleged errors claimed by appellant, the outcome of the trial clearly would have been otherwise. After reviewing the entire record, we also cannot conclude that the magistrate, as the trier of fact, in resolving conflicts in the evidence clearly lost her way and created a manifest miscarriage of justice by concluding that beyond a reasonable doubt appellant committed theft by knowingly exerting control of Mr. Cupp's 1998 Chevy work van without Mr. Cupp's consent, in violation of R.C. 2913.02, as alleged in offense 1 of the delinquency complaint. See, generally, In re Howard (1997), 119 Ohio App.3d 201, 205
(Hildebrant, J., concurring in judgment only, with separate opinion);In re Johnson, Franklin App. No. 04AP-1136, 2005-Ohio-4389, at ¶ 23. And, after viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of offense beyond a reasonable doubt. See, generally, In re Washington (1996), 75 Ohio St.3d 390, 392, citingJackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, rehearing denied, 444 U.S. 890, 100 S.Ct. 195; State v. Waddy (1992),63 Ohio St.3d 424, 430, superseded by constitutional amendment on other grounds as stated in State v. Smith (1997), 80 Ohio St.3d 89. *Page 13 
 {¶ 29} R.C. 2913.02 provides in part:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 * * *
 (B)(1) Whoever violates this section is guilty of theft.
 * * *
 (5) If the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree.
See, also, R.C. 2913.01 (FF) (providing that "motor vehicle" has the same meaning as in R.C. 4501.01); former R.C. 4501.01(B) (providing in part that "`[m]otor vehicle' means any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires").[6]
 {¶ 30} R.C. 2901.22(B) provides: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 31} Here, the state's evidence established that, on the night Mr. Cupp's van was stolen from the driveway, C.C. lived in the same household as Mr. Cupp and Mr. Cupp's uncle. Additionally, C.C. himself testified that he knew that Mr. Cupp "kept his *Page 14 
keys and stuff with him" (Tr. 46), and he knew where in Mr. Cupp's room Mr. Cupp kept the keys to his vehicles. (Tr. 54.) Moreover, the state's evidence also established that on the morning after the theft, C.C. was the only household member who was not in the house. The state's evidence further established that, following the theft of Mr. Cupp's van, C.C. did not return to the house, and the state's evidence also established that there was no appearance that anyone had entered Mr. Cupp's house during the night. Furthermore, C.C. himself admitted to leaving the house in the middle of the night and that he failed to return to the house and school. Moreover, the juvenile court, through the magistrate, as the trier of fact, was free to believe or disbelieve the defense suggestion that Mr. Cupp's former girlfriend, Nikki, may have stolen cash or the van, or both, or attempted to steal Mr. Cupp's Cadillac Eldorado. See, generally, State v. Antill (1964), 176 Ohio St. 61, 67.
 {¶ 32} After reviewing the record, we cannot conclude that prejudicial error exists, plain or otherwise. See, e.g., State v. Hill (2001),92 Ohio St.3d 191, 200 (observing that the starting point for a plain-error inquiry is determining whether error occurred); Barnes, at 27.
 {¶ 33} Finding no plain error exists, we overrule in part appellant's sole assignment of error that claims that the finding of delinquency as to offense 1 was supported by legally insufficient evidence and is against the manifest weight of the evidence.
 {¶ 34} Accordingly, because the juvenile court's judgment as to offenses 2 and 3 is not a final order, we dismiss appellant's appeal as to those offenses. Furthermore, we render no opinion as to whether the juvenile court's finding of delinquency concerning offenses 2 and 3 is supported by legally insufficient evidence or is against the manifest *Page 15 
weight of the evidence. However, because the juvenile court's judgment as to one offense (offense 1) is not plain error, we overrule in part appellant's assignment of error as to offense 1. We therefore affirm in part the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed in part; appeal dismissed in part.
 BROWN J., concurs. SADLER, J., concurs separately.
[1] For purposes of anonymity, appellant's name is designated by initials only. See, e.g., In re M.E.G., Franklin App. No. 06AP-1256,2007-Ohio-4308, at ¶ 1, fn. 1; State v. Johnson, Franklin App. No. 06AP-67, 2007-Ohio-2385, at ¶ 43, fn. 5, appeal not allowed,115 Ohio St.3d 1423, 2007-Ohio-5056; In re L.W., Franklin App. No. 05AP-317,2006-Ohio-644, at ¶ 1, fn.2, appeal not allowed, 109 Ohio St.3d 1497,2006-Ohio-2762.
See, also, former R.C. 2152.02(F)(1) (defining "delinquent child" as "includ[ing] any of the following: * * * [a]ny child, except a juvenile traffic offender, who violates any law of this state or the United States, or any ordinance of a political subdivision of the state, that would be an offense if committed by an adult"). R.C. 2152.02 was amended by (2007), Am. Sub. S.B. No. 10, effective January 1, 2008.
[2] See, generally, R.C. 2923.02(A) (providing that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense"). See, also, Juv. R. 22(D)(2) (providing that, except for failure to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceeding, defenses or objections based on defects in the complaint must be heard before an adjudicatory hearing).
[3] In (2007) Am. Sub. S.B. No. 7 amended R.C. 2505.02, effective October 10, 2007.
[4] But, see, In re Anderson (2001), 92 Ohio St.3d 63, 2001-Ohio-131, at syllabus (holding that "[a] juvenile court proceeding is a civil action"); Civ. R. 54(B) (providing in part that: "[i]n the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"); Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, at syllabus (holding that "[a]n order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met").
Cf. R.C. 2725.01 (providing that "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation"); In re Piazza (1966), 7 Ohio St.2d 102 (finding that habeas corpus is an extraordinary remedy and stating that "[h]abeas corpus may not be used as a substitute for appeal nor may it be resorted to where an adequate statutory remedy for review of the questions presented exists").
[5] Civ. R. 53(D)(2)(a)(ii) provides that "[a] magistrate's order shall be in writing, identified as a magistrate's order in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys." Civ. R. 53(D)(3)(a)(iii) provides in part that "[a] magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b)."
[6] Since the theft arose for which appellant was charged, division (B) of R.C. 4501.01 was amended by (2007) Sub. H.B. No. 9, effective October 18, 2007.