UNDERHILL, Appellant,

v.

UNDERHILL, Appellee.

[Cite as *Underhill v. Underhill*, 181 Ohio App.3d 298, 2009-Ohio-907.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22627.

Decided Feb. 27, 2009.

Charles D. Lowe, for appellant.

James R. Kirkland, for appellee.

———————

FROELICH, Judge.

{¶ 1} Ralph Underhill appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which concluded that the court lacked subject matter jurisdiction to consider Mr. Underhill's objections to a magistrate's decision because the objections were untimely.

{¶ 2} For the reasons that follow, we conclude that the trial court erred in finding that it lacked subject matter jurisdiction to consider the objections.

I

{¶ 3} On February 16, 2000, the trial court granted Ralph and Marilyn Underhill a decree of dissolution of marriage, which incorporated a separation agreement. The separation agreement provided that Mr. Underhill would transfer a tax-sheltered annuity valued at $228,000 to Mrs. Underhill by a qualified domestic relations order ("QDRO"). Mr. Underhill initially transferred these funds to an IRA in his name. On January 10, 2003, the IRA was transferred into Mrs. Underhill's name.

{¶ 4} On October 28, 2003, Mrs. Underhill filed a motion to enforce the decree of dissolution alleging that (1) Mr. Underhill had failed to properly execute the QDRO; (2) as a result of the improper execution of the QDRO, the annuity funds had not been transferred until January 2003; and (3) in the interim, the value of

the account had dropped from $228,000 to $121,000. She sought compensation from Mr. Underhill for the decreased value, claiming that she would have invested the funds more conservatively if they had been under her control. Several motions for continuances and discovery were granted. In February 2004, Mrs. Underhill filed a motion to set aside the decree of dissolution and the separation agreement. The motion to set aside the decree was referred to a magistrate "for further proceedings," and the disputed issues remained unresolved for several years. Mrs. Underhill renewed her motion to enforce the decree in 2006, and a hearing was held before the magistrate.

{¶ 5} On September 13, 2006, the magistrate filed a decision and permanent order finding that Mr. Underhill "bore the risk of loss" on the funds from the date of the decree until the transfer. The magistrate stated:

{¶ 6} "[Mr. Underhill] is found to be liable for the difference in the value of the [annuity] account (and its progeny) from the date of the decree until January 10, 2003, plus interest. However, in that there is no evidence before this court as to the valuation of this account as of January 10, 2003, this matter shall be set for further hearing."

{¶ 7} There was language at the end of the decision informing the Underhills that they had 14 days to file objections. Mr. Underhill did not file any objections. Mrs. Underhill objected to the lack of finality in the order because of the need for further hearing and set forth an argument about how her damages should be calculated. A continuance order was filed, which again acknowledged that the valuation issue was set for further review, and a status conference was scheduled. Mrs. Underhill subsequently dismissed her objections. In the meantime, the parties were apparently working on an agreement as to the amount owed, and on January 22, 2007, the magistrate ordered them to file an agreed entry.

{¶ 8} In May 2007, the parties filed an agreed entry, with the magistrate's approval. The agreed entry stated that the value of the account had dropped from $228,000 to $102,389.51 between the time the decree of dissolution was entered and the time of the transfer, such that Mr. Underhill owed Mrs. Underhill $125,610.49, plus interest in the amount of $47,211.84, for a total of $172,822.33.

{¶ 9} After the agreed entry was filed, Mr. Underhill filed a general objection to the magistrate's decision and ordered transcripts of the hearings in order to file more specific objections. Mrs. Underhill filed a motion to dismiss the objections on the ground that the objections were untimely and unspecific. Mrs. Underhill contended that the objections should have been filed in response to the magistrate's decision in September 2006, which "was the final appealable order since the only thing left to be determined was the amount due and interest." The trial court agreed, finding that the agreed entry of May 29, 2007, did not renew

the 14–day period for objections provided in Civ.R. 53 and that the objections should have been filed within 14 days of the magistrate's September 13, 2006 decision and permanent order. Thus, the trial court concluded that it lacked subject matter jurisdiction to resolve the issues set forth in Mr. Underhill's objections. The court did not address Mrs. Underhill's claim that the objections lacked specificity.

{¶ 10} Mr. Underhill raises one assignment of error on appeal.

## II

{¶ 11} Mr. Underhill's assignment of error states:

{¶ 12} "The trial court erred as a matter of law in ruling that appellant's objections to magistrate's decision were not timely filed."

{¶ 13} Mr. Underhill contends that because the magistrate did not determine the amount of his liability at the time of the first decision and scheduled further proceedings on that issue, the September 13, 2006 decision was an "interim decision" and "not ripe for objection." In response, Mrs. Underhill points out that the magistrate's decision on Mr. Underhill's liability clearly stated that any objection to the decision must be filed within 14 days, and she claims that Mr. Underhill's argument that he did not know objections were required at that time is without merit.

{¶ 14} Mr. Underhill relies on *Alimo v. Pomante* (Sept. 11, 1997), Franklin App. No. 97APG02–221, 1997 WL 566187, in support of his position that he was not required to file objections in response to the magistrate's September 2006 decision on liability only. In *Alimo*, the parties had entered into an agreement for the repair of a leaky roof, but the completed repairs had not fixed the problem. In its initial decision, the magistrate found that the homeowner was entitled to the cost of any additional work necessary to correct the leak, but continued the matter to allow the homeowner to present evidence of the proper measure of damages. The roofer filed objections to the magistrate's decision on liability, but the trial court overruled the objections as "premature." Mr. Underhill reasons that if the objections to the liability determination in *Alimo* were "premature," then by inference, objections filed after all issues have been resolved cannot be untimely.

{¶ 15} We agree with Mr. Underhill that the trial court erred in finding that he had been required to file objections in response to the magistrate's decision on liability when that decision clearly left unresolved other disputed issues related to the transfer of the annuity. Requiring objections to decisions that are interlocutory in nature does not promote judicial efficiency, and the absence of an objection at this juncture did not divest the trial court of subject

matter jurisdiction to consider objections once all the issues had been resolved. See *In re C.C.*, Franklin App. No. 07AP–993, 2008-Ohio-2803, 2008 WL 2350628, at ¶ 10 (holding that by leaving issues unresolved, the magistrate in essence rendered a decision that was interlocutory in character); *Crandall v. Crandall* (Sept. 29, 2000), Wood App. No. WD–99–074, 2000 WL 1434130 (implying that the trial court erred in adopting a magistrate's order that did not satisfy the definition of a final appealable order).

{¶ 16} Mrs. Underhill relies on *McClain v. McClain*, Champaign App. No. 02CA04, 2002-Ohio-4971, 2002 WL 31105402, in support of her position that Mr. Underhill's objections should have been filed following the decision and permanent order that determined liability. In *McClain*, the magistrate filed a decision recommending that the parties be divorced and that their property be divided in accordance with their agreement, but the decision did not address the wife's request for spousal support. The magistrate stated that spousal support would be addressed in a separate decision. The wife filed objections based on the magistrate's failure to grant spousal support and issues related to health-insurance coverage. The trial court sustained the wife's objections in part, finding that she was entitled to COBRA coverage, and denied them in part, without specific reference to the issue of spousal support. The court identified its order as a final, appealable order, and the wife appealed.

{¶ 17} We reversed the trial court's judgment for reasons unrelated to the filing of the objections. We held that a ruling that "merely overrules and/or sustains objections to a magistrate's decision without also adopting it is not a final, appealable order," noting that the trial court had not, in fact, adopted the magistrate's decision. Id. at ¶ 19. We dismissed the appeal due to the lack of a final, appealable order without addressing the timeliness of the objections. We stated, however, that on remand, the trial court should "act as promptly as possible to return the matter to its magistrate to enter the decision on [the wife's] spousal support request that the magistrate indicated he would enter, and to thereafter dispose of any objections to that decision and enter a proper final order * * *." Id. at ¶ 20.

{¶ 18} In our view, *McClain* lends no support to Mrs. Underhill's position that objections to an interlocutory order are required. In fact, our instruction that the trial court should return the matter to the magistrate for resolution of the spousal-support issue before disposing of objections and entering a final order that addresses the magistrate's decision implicitly recognized that all the issues should have been resolved before the trial court considered the objections.

{¶ 19} Finally, we note that insofar as it is pertinent to this appeal, the only action required by the magistrate's decision and permanent order of September 13, 2006, was the scheduling of an additional hearing on the valuation of the

account. Thus, we conclude that the only appropriate objection that could have been filed in response to that order was an objection directed at the setting of another hearing.

{¶ 20} Having concluded that Mr. Underhill's objections were timely, we will remand this matter to the trial court for consideration of Mrs. Underhill's alternate argument that Mr. Underhill's objections lacked the specificity required by Civ.R. 53(D)(3)(b)(ii). If the trial court determines that the objections were sufficiently specific, it shall consider the merits of the objections.

### III

{¶ 21} The judgment of the trial court is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.